408

# CIRCUIT COURT OF ARLINGTON COUNTY

Omar Ndiaye

v.

Karen Foust,
William Thornton,
and Houseworks, Inc.

July 10, 2007

Case No. (Civil) 06-767

BY JUDGE JOANNE F. ALPER

This case came before the Court on June 15, 2007, for a hearing on Defendant Thornton's Motion to Order Production of Plaintiff's Credit Report. Having taken this matter under advisement and given the opportunity to review the pleadings and the supplemental memoranda provided by counsel, the Court issues the following opinion resolving the outstanding issues. Although Plaintiff's counsel neither appeared in Court nor filed any written opposition, the Court felt this issue and related privacy and federal law concerns were sufficiently important to warrant further research.

## I. *Factual and Procedural Background*

The following facts are taken from Plaintiff's Complaint. On or about January 28, 2003, Defendants Foust and Houseworks, Inc., allegedly provided information to the Arlington County Police that caused a warrant to be issued charging Plaintiff with theft. Plaintiff was arrested and detained for several days at the Arlington County Detention Center. On or about November 4, 2004, the Commonwealth's Attorney for Arlington County terminated the prosecution of Plaintiff by a *nolle prosequi*.

Defendant Thornton filed his answer to Plaintiff's Complaint on February 13, 2007, and filed his Motion to Order Production of Plaintiff's Credit Report on June 1, 2007. In order to defend against Plaintiff's claims, Defendant seeks information from the three credit reporting agencies, Trans Union, Experian, and Equifax, about Plaintiff's credit reports, banking institutions, and credit and debit cards issued in his name at the time of the alleged theft. As authority for his motion, defendant Thornton relies on the Fair Credit Reporting Act (FCRA) 15 U.S.C. 1681, Section 604(a), stating that a consumer reporting agency may furnish a consumer report only in response to a court order.

Defendants Foust and Houseworks, Inc., are not parties to this motion. Neither of them has filed a responsive pleading to Plaintiff's Complaint.

## II. *Discussion*

Defendant Thornton relies on the Fair Credit Reporting Act: "Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury." 15 U.S.C. § 1681b(a)(1). The statute gives a court with proper jurisdiction the power to issue an order for production, however, the credit agency is still not obliged to produce the credit report. A close reading of the statutory language reveals that the word "may" makes this statute permissive, not mandatory. Thus, even if the Court were to grant Defendant Thornton's motion there is nothing in the statute that would compel the credit bureaus to produce the reports. *See* 16 C.F.R. pt. 600 app.

While the statute does not expressly prohibit a state court from applying the FCRA, there are no Virginia statutes or cases which authorize this Court to order the production of a credit report. *See Cohen v. Sheehy Ford of Springfield, Inc.*, 27 Va. Cir. 161 (1992) (stating that the FCRA creates a civil cause of action and that one of the methods by which a consumer reporting agency may furnish a credit report is in response to a court order).[1] Further, none of the cases from the Eastern District of Virginia discuss when and under

---

[1] *Cohen* is persuasive, not binding authority. Furthermore, it does not provide a standard for when a judge should issue an order requesting the production of a credit report. It merely indicates a circuit court judge's opinion that Virginia courts have the authority to apply the FCRA.

what circumstances a judge could issue a court order requesting that a credit agency furnish a credit report.[2] *See Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967 (4th Cir. 1987) (noting that the defendant CBI could not lawfully provide credit information to the credit union about Yohay without satisfying one of the grounds in § 1681b, which include a court order). In cases under the FCRA, the requesting party is usually a government official or agency which needs the credit report for an official purpose. In this case, Defendant Thornton, as an individual, asks for the credit reports for civil discovery. This situation evokes troubling issues related to personal privacy.

Defendant cites *In re Grand Jury Proceedings*, 503 F. Supp. 9, 13 (D.C. N.J. 1980), to demonstrate that this Court has authority to grant the requested motion. However, this case is distinguishable from the cited case for numerous reasons including differences in jurisdiction, subject matter, purpose of the information, and forum. Additionally, this case fails to provide a standard by which a court should issue the requested order.

Since there is no Virginia statutory or case authority to support exercise of this Court's jurisdiction and no persuasive authority or guidance to inform the Court's decision, the Court is not inclined to order the production of these records. Moreover, Defendant has failed to show good cause why these records should be produced or why he cannot obtain the relevant information by other means. Therefore, the Court denies Defendant's motion.

For the reasons stated herein, the Court denies Defendant Thornton's Motion to Produce Plaintiff's Credit Report.

---

[2] Mainly, this question arises after the credit agency furnishes a credit report and the consumer sues. The courts will note that the offending party should have requested a court order for the report. *See Yohay*, 827 F.2d at 971.